**UNITED STATES of America**

v.

**Andrew JENKINS, Defendant.**

**No. 87 Cr. 0768 (MGC).**

United States District Court,
S.D. New York.

July 20, 1988.

---

1. 31 U.S.C. § 5316 provides as relevant:
   (a) Except as provided in subsection (c) of this section, a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly—
   (1) transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time—
   (A) from a place in the United States to or through a place outside the United States;
   (b) A report under this section shall be filed at the time and place the Secretary of the Treasury prescribes....

2. 31 U.S.C. § 5322 provides as relevant:

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City by Lorna G. Schofield, Asst. U.S. Atty. and Linda C. Imes, Deputy Chief Appellate Atty., for plaintiff.

Abady & Jaffe, New York City, by Samuel A. Abady, for defendant.

**OPINION**

CEDARBAUM, District Judge.

Count One of the two-count Indictment charges that, in violation of 31 U.S.C. §§ 5316 and 5322, defendant Andrew Jenkins, "[f]rom on or about May 14, 1987, up to and including on or about August 1, 1987, ... unlawfully, wilfully and knowingly was about to transport ... $150,000 ... from ... New York ... to ... Zaire, without the filing of Customs Form 4790 ... a report required to be filed ... pursuant to regulations prescribed by the United States Department of the Treasury." Defendant has moved to dismiss Count One on the ground that it fails to charge a crime under either of the statutes cited. At the end of oral argument, I granted defendant's motion and said that an opinion would follow. This opinion sets out the reasons for that order.

Section 5316 provides that a person shall file a report at the time and place the Secretary of the Treasury prescribes when the person knowingly "transports, is about to transport, or has transported" monetary instruments of more than $10,000 from a place within the United States to a place outside the United States [1]. Section 5322 imposes criminal penalties on a wilful violation of section 5316 or a regulation prescribed under it [2]. It does not penalize a wilful attempt. The Secretary of the Trea-

(a) A person willfully violating this subchapter or a regulation prescribed under this subchapter (except section 5315 of this title or a regulation prescribed under section 5315) shall be fined not more than $250,000, or imprisonment not more than five years, or both.
(b) A person willfully violating this subchapter or a regulation prescribed under this subchapter (except section 5315 of this title or a regulation prescribed under section 5315) while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12–month period, shall be fined not more

sury has published regulations prescribing the time and place for the filing of the report required by section 5316. 31 C.F.R. § 103.26(b) prescribes that the required report shall be filed "at the time of departure" from the United States with the Customs officer in charge at any port of departure[3].

It is undisputed that defendant Andrew Jenkins was arrested at a hotel in Manhattan about ten hours before he was scheduled to leave for Kennedy Airport to fly abroad. Defendant argues that he had no duty under the regulations to file the required report before he arrived at Kennedy Airport for his flight, and that neither section 5316 nor section 5322 makes it a crime to attempt to fail to file the required report. The Government contends that even though section 5322 penalizes only a violation of section 5316, as distinguished from an attempt to violate that statute, nevertheless the language of section 5316 itself should be read as prohibiting an attempt not to file the required report. The Government concedes that although the Secretary of the Treasury could have prescribed that the required report be filed before the time of departure, the Secretary has chosen not to do so.

In support of its position, the Government relies on the words "about to transport" in subsection (a)(1) of section 5316 as evidence of a congressional purpose to create attempt liability. But the words "about to" modify the word "transport." Being "about to transport" more than $10,000, even with the avowed intention not to file the required report, is not without more a breach of any legal duty created by the words of the statute. The only crime is the failure to file a report at the time and place prescribed by the Secretary of the Treasury, i.e., at the time of departure from the United States with the Customs officer in charge at the port of departure.

Nor does the legislative history support the Government's construction of this criminal statute. Section 5316 has been amended twice since its enactment. The original statute contained no language of futurity. The original version of section 5316(a)(1) read "transports or has transported...." 31 U.S.C. § 5316 (1982). In 1984, "attempts to transport" was added to the statute. In the Senate Report accompanying the bill, Congress explained the amendment of section 5316(a)(1) as follows:

> With respect to a person leaving the United States, the courts have held that, in the absence of an attempt provision, the law is not violated until the person is on the verge of boarding the plane or other mode of transportation at the final call for departure. Under this construction, customs agents must, regardless of the exigencies and inconvenience of the developing situation, standby helplessly until virtually the last moment of departure before apprehending the suspect.

S.Rep. No. 98–225, 98th Cong., 2d Sess. 301, 302, *reprinted in* 1984 U.S.Code Cong. & Admin.News. 3182, 3481. Thus, Congress inserted the words "attempts to transport" to make plain that once a defendant carrying more than $10,000 had passed the Customs desk at the place of departure and had not filed the required report, he had committed the conduct proscribed by section 5316.

In 1986, Congress again amended the statute by substituting the words "is about to transport" for the words "attempts to transport." The House Report accompanying the bill explains the purpose of the amendment and confirms the plain meaning of the statute:

> This provision clarifies the authority of the Secretary under 31 U.S.C. 5316(a) to require the filing of Reports of International Transportation of Currency or Monetary Instruments (known as

---

than $500,000, imprisoned for not more than 10 years, or both.

**3.** 31 C.F.R. § 103.26(b) (1987) provides as relevant:

(1) A report required by § 103.23(a) shall be filed at the time of entry into the United States or at the time of departure, mailing or shipping from the United States, unless other-

wise specified by the Commissioner of Customs.

\* \* \* \* \* \*

(3) All reports required by § 103.23 shall be filed with the Customs officer in charge at any port of entry or departure, or as otherwise specified by the Commissioner of Customs. \* \* \*

CMIRs) in advance of the actual departure of a person from the United States. The offense of transporting currency or monetary instruments without filing the necessary reports is only triggered once the duty to file the report has been created. This amendment would permit the Secretary to specify events in advance of departure which would trigger the duty to file the report. This would aid in the investigation and prosecution of violations of this section.

H.R.Rep. No. 99–855, 99th Cong., 2d Sess., pt. 1, at 19 (1986).

It is crystal clear both from the language of the statute and from the legislative history that the conduct proscribed by 31 U.S.C. § 5316 is failure to file. It is also clear that Congress has authorized the Secretary of the Treasury to prescribe a time for filing which predates the time of departure, and that the Secretary of the Treasury has not done so. Thus, although defendant Andrew Jenkins may have been "about to transport" $150,000 at the time of his arrest in Manhattan about ten hours before he was scheduled to leave for Kennedy Airport to fly abroad, at that time, he could not have committed the only offense defined by section 5316—failure to file the required report—because he had no duty to do so before the time of his departure.